# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERTO EDGAR TORRES MARTÍNEZ ) | |
| ) | |
| Plaintiff, ) | |
| - v. - ) | Civil Action No. 12-308 (BAH) |
| ) | |
| BP P.L.C. ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendant BP p.l.c., through its undersigned counsel, respectfully submits this motion for an extension of time for Defendant to file an answer or a motion to dismiss the complaint.  Counsel for the parties have discussed this motion and Plaintiff does not object to the relief requested.

On February 24, 2012, Plaintiff filed the Complaint, which contains 45 pages of allegations and includes both federal and non-federal claims.  The Complaint includes five alleged causes of action.  The second, third and fourth counts allege violations of the Alien Tort Statute, 28 U.S.C. §1350.  The scope of the Alien Tort Statute is currently under review by the U.S. Supreme Court.  *See Kiobel v. Royal Dutch Petroleum*, No. 10-1491.  On February 28, 2012, the Supreme Court heard argument on the issue of "whether corporations are immune from tort liability for violations of the law of nations such as torture, extrajudicial executions or genocide."  On March 5, 2012, the Court ordered reargument on the issue of "[w]hether and under what circumstances the Alien Tort Statute, 28 U.S.C. §1350, allows courts to recognize a cause of action for violations of the law of nations occurring within the territory of a sovereign other than the United States."

The Court has ordered the parties in *Kiobel* to submit further briefing to be completed by June 29, 2012.  Further oral argument has not been scheduled, but is likely to be held during the Court's October 2012 term.

It is undisputed that Plaintiff's first cause of action, under the Torture Victims Protection Act, 28 U.S.C. § 1350, note, is precluded by the United States Supreme Court's decision in *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012).  *See* Compl. at 29, n.1.  The fifth cause of action alleges violations of Colombian law.

Three of the four remaining claims in the complaint allege violations by a corporation of the law of nations occurring outside the territory of the United States.  Thus the Supreme Court's decision in *Kiobel* on whether and under what circumstances this Court may recognize such claims may be determinative of the outcome of this case.  Defendant thus respectfully requests that the Court grant an extension of time in which to answer the Complaint or to file a motion to dismiss until after the Supreme Court has issued its decision in *Kiobel*.  Defendant respectfully suggests that the Court extend Defendant's time to file an answer or a motion to dismiss the complaint to 60 days after the date that the *Kiobel* decision is issued.  Defendant respectfully suggests that the Court further order that Plaintiff's opposition papers be filed 45 days after the date that Defendant's motion is filed, and that Defendant's reply be filed 14 days after Plaintiff's opposition papers are filed.  A proposed order is submitted herewith.

Defendant respectfully submits that the requested relief will make efficient use of the resources of the Court and the parties, as the decision in *Kiobel* may be determinative of the outcome of the case.  In addition, the extension of time will provide for an orderly and appropriate briefing schedule for Defendant's motion to dismiss, provide sufficient time for the parties to address the legal issues expected to arise, and serve the public interest.  Defendant

respectfully submits that the foregoing is good cause for the relief requested, and that granting such relief will not result in prejudice to any party. Neither party has requested any previous extension of time, and the requested extension would have no effect on any other deadlines. Defendant's filing of this motion is made without waiver of any claims or defenses.

In the alternative, should the Court deny the extension of time pending the outcome of *Kiobel*, Plaintiff consents to an extension of time for Defendant to file an answer or motion to dismiss the Complaint to 60 days from the date of the Court's denial of this Motion.

Pursuant to Local Civil Rule 7(m), the undersigned has consulted with counsel for Plaintiff, who does not oppose the motion for extension of time and the suggested briefing schedule set forth above.

WHEREFORE, Defendant requests that this Court grant the requested extension of time and enter an order adopting the suggested briefing schedule.

Dated: June 13, 2012

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

/s/ Timothy J. Coleman
--------------------------------
Timothy J. Coleman (# 436415)
Mia L. Havel (# 994371)
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004-2692
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
tim.coleman@freshfields.com
mia.havel@freshfields.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GILBERTO EDGAR TORRES MARTÍNEZ )<br>)<br>Plaintiff, )<br>- v. - )<br>)<br>BP P.L.C. )<br>)<br>Defendant. )<br>) | Civil Action No. 12-308 (BAH) |

### [PROPOSED] ORDER

Upon consideration of the Unopposed Motion for Extension of Time to File a Motion to Dismiss, it is hereby

**ORDERED** that Defendant shall file its answer or Motion to Dismiss 60 days after the date that the U.S. Supreme Court issues a decision in *Kiobel v. Royal Dutch Petroleum*, No. 10-1491, and it is further

**ORDERED** that Plaintiff shall file his opposition to Defendant's motion 45 days after Defendant's Motion to Dismiss is filed, and it is further

**ORDERED** that Defendant shall file any reply papers 14 days after Plaintiff's opposition is filed.

**SO ORDERED** this _____ day of June, 2012.

_____
BERYL A. HOWELL
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Unopposed Motion for Extension of Time was served by the automatic notice of filing sent by the CM/ECF software to counsel, pursuant to Local Rule 5.4(d) of the Rules of the United States District Court for the District of Columbia, this 13th day of June, 2012 on:

Terrence Collingsworth (#471830)
CONRAD & SCHERER, LLP
1156 15th St. NW
Suite 502
Washington, DC 20005

/s/ Timothy J. Coleman